UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

AHERN RENTALS, INC.

        Plaintiff,

v.

DAMELIO COMMERCIAL CONTRACTING,

        Defendant.

2:11-cv-1416-LRH-CWH

ORDER

    Before the court is defendant Damelio Commercial Contracting's ("DCC") motion to dismiss for lack of personal jurisdiction or, in the alternative, under New Jersey's entire controversy doctrine. Doc. #8.[1] Plaintiff Ahern Rentals, Inc. ("Ahern") filed an opposition (Doc. #11) to which DCC replied (Doc. #12).

**I.    Facts and Background**

    Defendant DCC is a general contracting company doing business in New Jersey. On February 21, 2008, DCC entered into a rental agreement with Ahern for the rental of a boom lift for use on a project also located in New Jersey.

    In June 2008, Richard Mackay, an employee of DCC was using the boom lift and suffered injuries to his hand. Mackay sued Ahern and other defendants in an action initiated in New Jersey

---

[1] Refers to the court's docketing number.

state court.

Subsequently, Ahern filed this action for indemnification against DCC in Nevada state court pursuant to the forum selection clause in the rental agreement. The forum selection clause states:

> This rental agreement shall be construed according to the laws of the state of Nevada, and lessee hereby submits to jurisdiction of the courts of the state of Nevada and waives application of any foreign law relating to this agreement. Any suit or action of any kind relating to this agreement or the subject matter hereof shall be brought in a court located in Clark County, Nevada.

Doc. #10, Exhibit B. In response, DCC removed this action to federal court. Doc. #1. Thereafter, DCC filed the present motion to dismiss. Doc. #8.

**II.  Discussion**

**A.  Personal Jurisdiction**

A court may dismiss a complaint for lack of personal jurisdiction over the defendant. FED. R. CIV. P. 12(B)(2). The plaintiff bears the burden of establishing that the court has jurisdiction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). A plaintiff makes a prima facie showing of personal jurisdiction by introducing competent evidence of essential facts which support jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *see also Trump v. District Court*, 857 P.2d 740, 743 (Nev. 1993).

Parties may consent to the jurisdiction of a particular court through the use of a forum-selection clause in a contract. *See Burger King Corp. v. Radzewicz*, 471 U.S. 462, 473 (1985). Forum selection clauses are *prima facie* valid. *Bremen et al. v. Zapata Off-shore Co.*, 407 U.S. 1, 10 (1972). However, a party may challenge a forum selection clause on the basis that the clause (1) was the result of fraud, undue influence, or overwhelming bargaining power; (2) is so gravely difficult and inconvenient that it deprives the party of its day in court; or (3) contravenes public policy. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996).

In its motion to dismiss, DCC argues that the forum selection clause is invalid because it was presented in an adhesion contract on the back of the rental agreement and was not subject to

free negotiation. *See* Doc. #8. The court has reviewed the documents and pleadings on file in this matter and finds that Ahern's forum selection clause is valid. The forum selection clause is in the same sized font and text as every other contract clause in the rental agreement. It is not hidden or buried, and is clearly delineated as a forum selection clause. Further, DCC is a sophisticated commercial company having signed over sixty rental agreements with Ahern for a myriad of projects. Therefore, the court finds that the forum selection clause is valid.

### B. Entire Controversy Doctrine

DCC also argues that this action should be dismissed because Ahern was required to bring this action in the ongoing New Jersey state court litigation under New Jersey's entire controversy doctrine and that Ahern's failure to do so precludes the present action. *See* Doc. #8.

New Jersey Rule of Civil Procedure 4:30A provides that "non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine . . ." N.J. R. Civ. P. 4:30A. The purpose of the doctrine is to require parties to "assert all claims known to them that stem from the same transactional facts, even those against different parties." *Harley Davidson Motor Co., Inc. V. Advance Die Casting, Inc.,* 696 A.2d 666, 670 (N.J. 1997).

DCC argues that the present action should be dismissed because it stems from the same transactional facts as the underlying state court litigation. Specifically, DCC argues that Ahern's claims for contractual indemnity arise from the same underlying injury already being litigated.

In opposition, Ahern contends that its cause of action for indemnity has not yet accrued, and will not accrue unless liability is established in the other case. The court disagrees. Ahern's indemnity cause of action accrued the moment DCC declined to defend and indemnify Ahern under the rental agreement. Further, the facts needed to establish liability in the state action involve many of the same transactional facts necessary to establish indemnity including the existence of the rental agreement and the application of its clauses. Therefore, the court finds that this action is subject to

3

1  New Jersey's entire controversy doctrine. Accordingly, the court shall grant DCC's motion and
2  dismiss the present action without prejudice to allow Ahern to re-file its complaint in the other
3  litigation.

5      IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #8) is
6  GRANTED. Plaintiff's complaint is DISMISSED without prejudice.
7      IT IS SO ORDERED.
8      DATED this 1st day of March, 2012.

                                                                                      _____
                                                                                      LARRY R. HICKS
                                                                                      UNITED STATES DISTRICT JUDGE