UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

AHERN RENTALS, INC.,

    Plaintiff,

v.

DAMELIO COMMERCIAL CONTRACTING,

    Defendant.

2:11-cv-1416-LRH-CWH

ORDER

Before the court is plaintiff Ahern Rentals, Inc.'s ("Ahern") motion for reconsideration of the court's order granting defendant Damelio Commercial Contracting's ("DCC") motion to dismiss (Doc. #14[1]). Doc. #16. Defendant DCC filed an opposition (Doc. #17) to which Ahern replied (Doc. #18).

**I.   Facts and Background**

Defendant DCC is a general contracting company doing business in New Jersey. On February 21, 2008, DCC entered into a rental agreement with Ahern for the rental of a boom lift for use on a project also located in New Jersey.

In June 2008, Richard Mackay, an employee of DCC was using the boom lift and suffered injuries to his hand. Mackay sued Ahern and other defendants in an action initiated in New Jersey

---

[1] Refers to the court's docketing number.

state court.

Subsequently, Ahern filed this action for indemnification against DCC in Nevada state court pursuant to the forum selection clause in the rental agreement. The forum selection clause states:

> This rental agreement shall be construed according to the laws of the state of Nevada, and lessee hereby submits to jurisdiction of the courts of the state of Nevada and waives application of any foreign law relating to this agreement. Any suit or action of any kind relating to this agreement or the subject matter hereof shall be brought in a court located in Clark County, Nevada.

Doc. #10, Exhibit B.

In response, DCC filed a motion to dismiss for lack of personal jurisdiction, or in the alternative, under New Jersey's entire controversy doctrine (Doc. #8) which was granted by the court (Doc. #14). In the court's order, the court found that there was personal jurisdiction over defendant DCC, but that the present action should have been filed in the ongoing New Jersey state court litigation under New Jersey's entire controversy doctrine. *Id*. Thereafter, Ahern filed the present motion for reconsideration of the court's order. Doc. #16.

## II.   Discussion

Ahern brings its motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(6). A motion under Rule 60 is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 60(b)(6) provides that a district court may provide a moving party for relief from a judgment or other order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

In its motion, Ahern argues that the court should reconsider its prior order because the New Jersey litigation was dismissed and closed prior to this court's order. *See* Doc. #16. The court has reviewed the documents and pleadings on file in this matter and finds that Ahern's motion justifies relief. The court only dismissed this action so that it could be brought in the ongoing New Jersey litigation. As that litigation was closed before Ahern could bring its claims to that forum, Ahern would be left without recourse against DCC if the court did not reconsider its prior order and allow

1   the underlying litigation to proceed. Therefore, in the interest of justice, the court finds that Ahern
2   is entitled to pursue its complaint in this court and shall grant its motion to reconsider.

4       IT IS THEREFORE ORDERED that plaintiff's motion to reconsider (Doc. #16) is
5   GRANTED. The clerk's judgment entered in this action (Doc. #15) is REVERSED and plaintiff's
6   complaint (Doc. #10, Exhibit B) is REINSTATED.

7       IT IS SO ORDERED.
8       DATED this 5th day of July, 2012.

10                                 LARRY R. HICKS
                               UNITED STATES DISTRICT JUDGE

3