UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AHERN RENTALS, INC., ) | |
|               Plaintiff, ) | Case No. 2:11-cv-01416-LRH-CWH |
| vs. ) | **ORDER** |
| DAMELIO COMMERCIAL CONTRACTING, ) | |
|               Defendant. ) | |

      This matter is before the Court on the Plaintiff's Emergency Motion to Compel the Individual Identified as Defendant's Fed. R. Civ. P. 30(b)(6) Witness to Appear for a Deposition (#53), filed on July 19, 2013. The Court also considered Defendant's Response (#55), filed on July 24, 2013, and Plaintiff's Reply (#56), filed on July 25, 2013.

## BACKGROUND

      On July 11, 2013, Plaintiff noticed the deposition of Defendant's Fed. R. Civ. P. 30(b)(6) witness to take place on July 26, 2013. That same day, Plaintiff filed a Motion to Compel (#47) requesting that the Court order the individual named as Defendant's 30(b)(6) representative to appear. On July 12, 2013, the parties filed a Stipulation (#49) to take the deposition at issue by August 27, 2013, which is outside the close of discovery. On July 15, 2013, the Court granted that Stipulation and denied without prejudice the Motion to Compel (#47) given that the previously noticed deposition date of July 26, 2013 had been vacated. *See* Order #51. On July 15, 2013, Plaintiff renewed its Motion to Compel (#53) based on its belief that the individual would not appear at the newly noticed deposition on July 30, 2013 and again requested a court order compelling attendance. On July 22, 2013, the Court granted Plaintiff's request to hear the motion on an emergency basis and ordered an expedited briefing schedule. *See* Order #54.

      Plaintiff contends that nothing short of a judicial order compelling Defendant's Fed. R. Civ. P. 30(b)(6) representative, John Damelio ("Mr. Damelio") to appear for the noticed deposition will

ensure his presence. They contend that the deadline to take the 30(b)(6) deposition is rapidly approaching. Additionally, Plaintiff alleges that significant costs are associated with the deposition as they are traveling to New Jersey, where Mr. Damelio lives, and hiring a court reporter. Finally, Plaintiff asserts that Mr. Damelio has been unresponsive to his counsel's attempts to ensure his attendance.

Defendant contends that significant efforts have been made to reach Mr. Damelio and ensure his attendance at the July 30, 2013 deposition. This includes email, telephone, and mail correspondence from June 27, 2013 through July 23, 2013, which has all been unanswered by Mr. Damelio. In addition, Defendant has contacted its insurance carrier representative to assist in contacting Mr. Damelio. As a result, Defendant requests that the Court defer its ruling for sixty (60) days to provide defense counsel with additional time to contact Mr. Damelio.

**DISCUSSION**

Federal Rule of Civil Procedure 26(b) provides that a party may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This includes taking the deposition of parties to the case. Fed. R. Civ. P. 30(a)(1) ("A Party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court...."). Plaintiff wishes to take Defendant's Fed. R. Civ. P. 30(b)(6) deposition and under the Federal Rules of Civil Procedure has a clear right to do so. Notably, Defendant does not raise any argument as to the sufficiency of notice or service of the deposition. Accordingly, no procedural deficiency as the Plaintiff's notice of the Fed. R. Civ. P. 30(b)(6) deposition is at issue in this motion, rather, the only issue before the Court is Mr. Damelio's personal attendance.

The Court is not persuaded that Mr. Damelio's failure to communicate with defense counsel is sufficient to defeat a properly noticed deposition. No objection was raised as to the procedure or content of the notice. Defendant's only argument is a plea for the Court to defer its ruling for sixty (60) days. However, the parties stipulated that Mr. Damelio's deposition would be conducted outside the close of discovery, which closes on July 28, 2013, and Plaintiff properly noticed the deposition accordingly. Additionally, Plaintiff has not requested costs and fees as a Rule 37 sanction, which would be premature. The only issue before the Court is a motion to compel Mr.

1  Damelio's personal attendance for fear that he will not attend.  Although the Court recognizes that
2  significant efforts have been made by defense counsel to ensure Mr. Damelio's attendance at the
3  deposition on July 30, 2013, the Court finds that there is no justification for delaying the deposition
4  at this point.  As a result, the Court will grant Plaintiff's motion and order that Mr. Damelio attend
5  the deposition on July 30, 2013 as set forth in the Fed. R. Civ. P. 30(b)(6) deposition notice.

   Based on the foregoing and good cause appearing therefore,

   **IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Compel the Individual Identified as Defendant's FRCP 30(b)(6) Witness to Appear for a Deposition (#53) is **granted**.

   **IT IS FURTHER ORDERED** that John Damelio, as the individual designated by Defendant to testify on its behalf pursuant to Fed. R. Civ. P. 30(b)(6), shall appear on July 30, 2013 at 10:00 a.m. (EST) at the place designated by Plaintiff.  Failure to do so will be grounds for the imposition of sanctions under Fed. R. Civ. P. 37, which may include monetary sanctions.

   DATED this 26th day of July, 2013.

   _____
   **C.W. Hoffman, Jr.**
   **United States Magistrate Judge**