UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AHERN RENTALS, INC., )<br>           Plaintiff, )<br>vs. )<br>DAMELIO COMMERCIAL CONTRACTING, )<br>           Defendant. )<br>_____ ) | Case No. 2:11-cv-01416-LRH-CWH<br><br>**ORDER** |

This matter is before the Court on the Plaintiff Ahern Rentals, Inc.'s Motion for Fees and Costs (#68), filed on August 27, 2013. The Court also considered Defendant's Response (#71), filed on September 13, 2013, and Plaintiff's Reply (#72), filed on September 23, 2013.

**BACKGROUND**

On July 11, 2013, Plaintiff noticed the deposition of Defendant's Fed. R. Civ. P. 30(b)(6) witness to take place on July 26, 2013. That same day, Plaintiff filed a Motion to Compel (#47) requesting that the Court order the individual named as Defendant's 30(b)(6) representative, John Damelio ("Damelio"), to appear. On July 12, 2013, the parties filed a Stipulation (#49) to take the deposition at issue by August 27, 2013, which is outside the close of discovery. On July 15, 2013, the Court granted that Stipulation and denied without prejudice the Motion to Compel (#47) given that the previously noticed deposition date of July 26, 2013 had been vacated. *See* Order #51. On July 15, 2013, Plaintiff renewed its Motion to Compel (#53) based on its belief that Damelio would not appear at the newly noticed deposition on July 30, 2013 and again requested a court order compelling attendance. On July 22, 2013, the Court granted Plaintiff's request to hear the motion on an emergency basis and ordered an expedited briefing schedule. *See* Order #54. On July 26, 2013, the Court granted Plaintiff's Emergency Motion to Compel (#53) and ordered that Damelio appear at the noticed deposition on July 30, 2013. *See* Order #57.

After Damelio and Defense Counsel failed to appear for the noticed deposition, Plaintiff

filed an Emergency Motion for Sanctions (#58) on August 5, 2013. The Court granted Plaintiff's request to hear the motion on an emergency basis and notified the parties of an Order to Show Cause Hearing scheduled for August 13, 2013. *See* Order #59. On August 13, 2013, the Court granted Plaintiff's Emergency Motion for Sanctions (#58) and ordered Defendant to reimburse Plaintiff for the cost of counsel's airfare, hotel, court reporter fees, rental care, airport parking, twenty-five hours of time, and fees associated with Motion #58. *See* Minutes of Proceedings #65. In doing so, the Court ordered the parties to meet and confer and if unable to agree, submit an application of costs and fees to the Court by August 27, 2013.

On August 27, 2013, Plaintiff submitted Motion for Fees and Costs (#68) noting that an agreement was not reached after counsel met and conferred. In doing so, Plaintiff contends that it is entitled to $10,079.15 in costs and fees based on the Court's Order on August 13, 2013 and fact that the hourly rate of $185 and 25 hours of time spent are reasonable. In response, Defendant reiterates its argument that an award of fees and costs is unjust given that Plaintiff was informed that the deposition would not go forward. In addition, Defendant contends that the amount of fees is unreasonable and the award should be reduced to account for inflated preparation and return time.

**DISCUSSION**

**A.    Sanctions Pursuant to Rule 37**

Imposition of discovery sanctions is committed to the court's discretion. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976). Federal Rule of Civil Procedure 37 allows for the authorization of any remedy the court determines is just when a party fails to obey a court order. *See Societe International Pour Participations Industrielles Et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 207 (1958); *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 641-642 (9th Cir. 1978) (awarding the payment of reasonable expenses for the failure to obey a court order to produce documents). Accordingly, the Court properly considered Rule 37 when granting Plaintiff's Emergency Motion for Sanctions (#58) based on Defendant's failure to obey Order #57. In doing so, the Court ordered Defendant to reimburse Plaintiff for the cost of counsel's airfare, hotel, court reporter fees, rental car, airport parking, twenty-five hours of time, and fees associated with Motion

#58. *See* Minutes of Proceedings #65.

### 1. **Reconsideration**

Plaintiff contends that it is entitled to reasonable fees and costs in the amount of $10,079.15 in costs and fees based on the Court's Order on August 13, 2013. In response, Defendant appears to ask the Court to reconsider its prior order by insisting that Defendant informed Plaintiff that the deposition of Damelio would not take place so the costs and fees incurred were unnecessary.

While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider, the court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/ Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114.

On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985). A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

Here, the Court finds that Plaintiff has failed to demonstrate that reconsideration is proper. The Court previously considered Defendant's arguments against the imposition of sanctions, including reasonable costs and fees, at the August 13, 2013 hearing. The Court found that Damelio's and Defense Counsel's failure to appear at the deposition scheduled for July 30, 2013

1  warranted sanctions under Rule 37 for failure to obey the Court's Order #57.  Additionally, the
2  Court was not persuaded that Defendant's alleged notification to Plaintiff that the deposition would
3  not go forward despite the Court order excused Defendant's conduct.  Therefore, the Court finds
4  that the costs associated with Damelio's deposition such as, counsel's airfare, hotel, court reporter
5  fees, rental car, and airport parking, in the amount of $1,827.65 are reasonable and hereby awards
6  them to Plaintiff.  Notably, Defendant does not take issue with the amount of Plaintiff's hotel,
7  vehicle, airport parking, food, and airfare costs.  However, Defendant contests the fees associated
8  with July 30, 2013 deposition and the Emergency Motion for Sanctions (#58).  Accordingly, the
9  Court will proceed with an analysis of Plaintiff's fee request.

### B.     Reasonableness of the Fee Request

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Courts typically follow a two-step process.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.*  Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  Some of the relevant factors are: (1) the preclusion of other employment by the attorney due to acceptance of the case, (2) time limitations imposed by the client or the circumstances, (3) the amount involved and results obtained, (4) the undesirability of the case,[1] (5) the nature and length of the professional relationship with the client, and (6) awards in similar cases.  *Id.* at n. 2 (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976).  In most cases, the lodestar figure is a presumptively reasonable fee award.  *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

---

[1]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992).  *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

### 1.   Reasonable Hourly Rate

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho*, 523 F.3d at 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). Determining the appropriate market rate is inherently difficult for a number of reasons. Traditional supply and demand principles do not ordinarily apply to prevailing market rates for lawyers. *Id.* The hourly rate of lawyers in private practice varies widely. *Id.* The type of services provided by lawyers, as well as their experience, skill, and reputation, varies extensively. *Id.* Finally, the fee is usually discussed with the client and may be negotiated. *Id.*

Consequently, the fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).

Here, Plaintiff requests fees for its counsel at an hourly rate of $185 for the associate and $205 for the partner. Defendant raised no objection to these rates and the Court finds them to be reasonable for this forum.

### 2.   Reasonable Hours Expended

Where documentation of hours is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. The court may exclude hours related to overstaffing, duplication, excessiveness, and otherwise unnecessary to the issue. *Id.* Here, Plaintiff seeks $8,251.50 in fees to attend the July 30, 2013 deposition and associated with the Emergency Motion

for Sanctions (#58). Defendant cites several arguments to reduce Plaintiff's fee award. First, Defendant contends that time spent preparing for and traveling to Damelio's deposition is not recoverable. The Court notes that Defendant cites no authority for this argument regarding preparation and travel time. Moreover, the Court previously considered Plaintiff's request for preparation and travel time at the August 13, 2013 hearing and found twenty-five hours to be reasonable. As discussed above, Rule 37 allows for the authorization of any remedy the court determines is just when a party fails to obey a court order. *See Societe International,* 357 U.S. at 207. The Court previously determined that Defendant's failure to obey Order #57, despite Defendant's argument regarding its communication to Plaintiff that the deposition would not occur, was not justified.

Second, Defendant contends that Plaintiff inflated its travel time citing the fact that the flight is only 5.5 hours. Plaintiff provided sufficient travel records to account for the amount requested. Accordingly, the Court finds that a reduction in the fees requested is not warranted. Third, Defendant alleges that Plaintiff exaggerated the time spent preparing, drafting, and arguing its Emergency Motion for Sanctions (#58). In response, Plaintiff provided a reasonable itemization and description of the work performed in compliance with Local Rule 54-16. The Court is not persuaded that a vague argument that Plaintiff's counsel was inefficient is sufficient to reduce the fees requested. However, the Court considered the fact that Plaintiff requests 2.4 hours for attendance at the August 13, 2013 despite the fact that the hearing lasted 30 minutes. The Court will reduce the fees requested by $389.50. Therefore, the Court finds that Plaintiff is entitled to an award of $9,680.65 in fees and costs.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff Ahern Rentals, Inc.'s Motion for Fees and Costs (#68) is **granted with the above-noted modification to the award amount**.

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiff the total sum of $9,680.65 by **October 11, 2013.**

DATED this 27th day of September, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**