**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AHERN RENTALS, INC., )<br>            Plaintiff, )<br>vs. )<br>DAMELIO COMMERCIAL CONTRACTING, )<br>            Defendant. ) | Case No.  2:11-cv-01416-LRH-CWH<br><br>**<u>ORDER</u>** |

  This matter is before the Court on Plaintiff's Motion to Reopen Discovery (#102), filed August 29, 2014, and Defendant's Response (#105), filed September 5, 2014.  It is also before the Court on Defendant's Contingent Motion to Reopen Discovery (#103), filed September 2, 2014, and Plaintiff's Response (#102), filed September 5, 2014.

  On August 19, 2014, the presiding United States District Judge, the Honorable Larry R. Hicks, entered an order denying the following motions without prejudice: Plaintiff's Motion for Declaratory Judgment (#79); Defendant's Motion for Summary Judgment (#83); Defendant's Motion to Strike (#95); and Defendant's Motion to Strike (#96).  *See* Order (#101).  The Court found that the motions were premature and improperly supported.  The Court further found that parties could obtain additional evidence in light of the "very limited discovery" conducted prior to the filing of the motions.  *Id*. ("[T]he court <u>shall</u> allow the parties to reopen discovery and seek discovery in this action.") (emphasis added).  Either party was invited "to file a motion to reopen discovery with the magistrate judge" within ten days of the order.

  Plaintiff submitted its motion to reopen (#102) on August 29, 2014, ten days after entry of the Court's order.  Plaintiff seeks a discovery period of 120 days so that it may take depositions and propound additional written discovery.  Plaintiff does not seek to reopen either the deadline to amend the pleadings or make expert disclosure.  Defendant submitted its "contingent" motion to reopen detention on September 2, 2014, which date falls outside of the deadline set by the Court to

submit the motion. In the motion, Defendant indicates that it will oppose Plaintiff's effort to reopen discovery but, in the event discovery is reopened, requests it be reopened for 240 days to accommodate depositions and written discovery. Defendant does not seek to reopen either the deadline to amend the pleadings or make expert disclosures.

Defendant's opposition to Plaintiff's motion to reopen discovery was filed on September 5, 2014, as ordered. In it, Defendant sets forth argument that discovery should not be reopened because the "full extent of Plaintiff's failure to conduct discovery ... [was] likely unknown to the Court at the time it issued the Order [#101]." In its order (#101), the Court was explicit in its command that "the court shall allow the parties to reopen discovery and seek additional discovery in this action." (#101) at 2:10-13. The undersigned magistrate judge will not entertain what appears to be a request to reconsider the order entered by the presiding District Judge in this matter regarding reopening discovery.

The Court has further reviewed the parties proposed discovery plans. There is general agreement that discovery should be reopened to accommodate additional depositions and written discovery. Neither party requests that discovery be reopened for expert disclosure purposes or to amend the pleadings. The only disagreement appears to be the amount of time requested to conduct the discovery. Plaintiff seeks 120 days. Defendant seeks 240 days. Given what appears to be a limited amount of discovery that needs to be completed, 120 days should be sufficient. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen Discovery (#102) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Contingent Motion to Reopen Discovery (#103) is **denied**.

**IT IS FURTHER ORDERED** that discovery is reopened as follows:

1. Discovery Cutoff                                            January 2, 2015
2. Dispositive Motions                                      February 2, 2015

**IT IS FURTHER ORDERED** that any extension of the discovery deadline will not be allowed without a showing of good cause as to why all discovery was not completed within the

time allotted.  All motions or stipulations to extend discovery shall be received by the Court at least **twenty-one (21) days** prior to the date fixed for completion of discovery or at least **twenty-one (21) days** prior to the expiration of any extension thereof that may have been approved by the Court.  All motions or stipulations to extend a deadline set forth in a discovery plan shall be received no later than **twenty-one (21) days** before expiration of the subject deadline or at least **twenty-one (21) days** prior to the expiration of any extension thereof that may have been approved by the Court.  Any extension or modification of a discovery deadline or subject deadline not filed at least **twenty-one (21) days** prior to the date fixed for completion of discovery or the expiration of the subject deadline must be supported by a showing that the failure to act was the result of excusable neglect.  The motion or stipulation shall include:

a. A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

b. A specific description of the discovery which remains to be completed;

c. The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

d. A proposed schedule for the completion of all remaining discovery.

**IT IS FURTHER ORDERED** that if no dispositive motions have been filed within the time frame specified in this Order, then the parties shall file a written, joint proposed Pretrial Order by **March 4, 2015**.  If dispositive motions are filed, then the parties shall file a written, joint proposed Pretrial Order within 30 days of the date the Court enters a ruling on said dispositive motions.

DATED: September 9, 2014.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**